IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| PAMELA BUCHANAN LAWS, | ) | |
| Plaintiff, | ) ) ) | No. 1:15-cv-00015 |
| v. | ) ) | Senior Judge Haynes |
| SOCIAL SECURITY ADMINISTRATION, | ) ) | |
| Defendant. | ) | |

**MEMORANDUM**

Plaintiff, Pamela Buchanan Laws, filed this civil action under 42 U.S.C. §§ 405(g) and 1383(c) against the Defendant, Carolyn Colvin, Acting Commissioner of Social Security, seeking judicial review of the Defendant's decision denying Plaintiff's applications for disability insurance benefits and supplemental security income provided under Titles II and XVI of the Social Security Act. Plaintiff filed her applications for benefits on July 19, 2011, alleging a disability onset of April 1, 2008 that was subsequently amended to July 1, 2011, citing her degenerative disc disease. (Docket Entry No. 12, Administrative Record, at 17, 161). Plaintiff's applications were denied initially and upon reconsideration in the state agency review. Plaintiff requested a de novo hearing and after the hearing an Administrative Law Judge ("ALJ"), denied Plaintiff's application. Id. at 17-23. In sum, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2013.

2. The claimant has not engaged in substantial gainful activity since July 1, 2011, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: anemia, depression, anxiety and hypertension (20 CFR 404.1520(c) and 416.920(c)).

<blockquote>

* * *

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

* * *

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following limitations: The claimant is limited to occasional climbing of ramps and stairs. She cannot climb ropes, ladders, or scaffolds. The claimant can occasionally balance and crawl and frequently kneel or crouch. She can only sustain attention and concentration in two-hour segments (with breaks between segments). The claimant cannot tolerate frequent changes in the workplace and frequent exposure to the general public or co-workers.

* * *

6. The claimant is capable of performing past relevant work as an accountant and assistant controller. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

* * *

7. The claimant has not been under a disability, as defined in the Social Security Act, from July 1, 2011, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).
</blockquote>

Id. at 19-21, 23. On January 5, 2015, the Appeals Council denied Plaintiff's request for review.

Before the Court is Plaintiff's motion for judgment on the administrative record (Docket Entry No. 14), contending that the ALJ failed to evaluate properly the opinion of Plaintiff's treating physician; erred in accepting a consultant physician's opinion; failed to consider all of the relevant factors on Plaintiff's residual functional capacity; and erred in evaluating Plaintiff's credibility.

2

## A. Review of the Record

As pertinent to the claims in this action, Plaintiff cites her medical issues as anemia and severe back pain. According to her medical records, Plaintiff has experienced pain in her lower back, right leg and hip since 2005. (Docket Entry No. 12, Administrative Record, at 227). On May 26, 2005, an MRI showed significant central canal stenosis at L4-5; anterolisthesis of L4 on L5; and DDD at L2-3. Id. at 250. On June 24, 2005, a subsequent MRI revealed moderate central stenosis at L4-5; a right paracentral disc herniation with extended disc fragment resulting in moderate central canal stenosis and right internal recess stenosis and right foraminal narrowing; and L2-3 and L3-4 posterior disc bulging. Id. at 253. On July 11, 2005, Plaintiff was diagnosed with moderate to severe spinal stenosis at L4-5, an extruding disc fragment with synovial cyst on the right side at L4-5, and lumbar radiculopathy. Id. at 226. On August 10, 2005, Plaintiff had a decompressive lumbar laminectomy, foraminotomy, and medial facectomy with fusion. Id. at 260.

Because Plaintiff lacks insurance, Plaintiff received medical care at the Public Department of Health. In 2010 Plaintiff had a low hematocrit level, that was 24.4 in March 2010, and 32.6 in May 2010. Id. at 298. Although lacking clarity, Plaintiff was treated for anemia that continued through 2012. Id. at 371-86.

In April 2012, Dr. Mark Brewer referred Plaintiff to Dr. Mark Messenger, a hematologist, further for anemia treatment. Id. at 504-18. Dr. Messenger reported that Plaintiff has suspected anemia with a hematocrit level of 25.5 and in his opinion, Plaintiff's anemia would correct itself with intravenous (IV) treatment and vitamin B-12. Id. at 515. On May 3, 2012, Dr. Messenger stated that Plaintiff was doing well after treatment given that her hematocrit level was almost 37. Id. at 508. By July 2012, a laboratory record showed that Plaintiff's hematocrit level was 38.4. Id. at 381. In

September 2012, Plaintiff's physical examination at the Department of Health yielded normal findings except for a rash. Id. at 371.

The ALJ cited the assessment of Dr. K. Steinhardt, a State agency physician who opined that Plaintiff could perform work at the "light" level, as that term is defined in 20 C.F.R. § 404.1567 (i.e. lifting in the 20 pound range). Id. at 16. Dr. Steinhardt cited Plaintiff's daily activities that suggested her allegations to be overstated. Id. at 320. Dr. Steinhardt's findings were also based on his examination. Id. at 316.

On January 7, 2013, Dr. Brewer, as Plaintiff's physician, submitted a letter that in his opinion Plaintiff is unable to work:

> Her biggest problem has been her severe iron deficiency anemia which has caused her to feel weak and be fatigued. Normally we would try to correct this with oral iron tablets, but Ms. Laws could not tolerate the gastrointestinal side effects of the oral tablets. Therefore, I referred her to a hematologist, and he has graciously been able to provide her with intravenous iron which is very expensive.
>
> Most recently, she had a syncopal episode, unrelated to the iron deficiency anemia, for which she was admitted to Maury Regional Hospital in Columbia on December 7, 2012 for a comminuted fracture of her left wrist. She has had a cast placed and is being followed by an orthopedic surgeon for that.

Id. at 519. Dr. Brewer concluded his letter noting Plaintiff's dire need of medical insurance, and opining that "[s]he is not able to be gainfully employed at the present time." Id.

As to her mental condition, Plaintiff has received treatment at Centerstone for depressive disorder. Plaintiff experienced depressed mood; decreased sleep; decreased appetite; decreased motivation; and mild difficulty with and concentration. Id. at 397, 437.

### B. Conclusions of Law

Judicial review is limited to whether the agency's findings are supported by substantial

evidence and were evaluated under the correct legal standards. Elam ex rel. Golay v. Comm'r of Soc. Sec., 348 F.3d 124, 125 (6th Cir. 2003). "Substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007) (quoting Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994)). Substantial evidence must "take into account whatever in the record fairly detracts from its weight." Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990). If substantial evidence supports the agency's decision, then the agency's decision stands even if the record supports an opposite conclusion. See, e.g., Longworth v. Comm'r of Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005). Judicial review is not a de novo review to resolve factual conflicts or decide credibility. Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007).

Under the Act, Plaintiff bears the burden to establish her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Plaintiff's asserted "physical or mental impairment" must "result[] from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Id. at § 423(d)(3).

The SSA has three classifications of medical sources: treating sources; examining but non-treating sources; and non-examining sources. 20 C.F.R. §§ 404.1527, 416.927; 20 C.F.R. §§ 404.1502, 416.902. A treating source has a history of medical treatment and an ongoing treatment relationship with the plaintiff consistent with accepted medical practice. 20 C.F.R. §§ 404.1502,

416.902. An examining non-treating source has examined the plaintiff, but does not have an ongoing treatment relationship. Id. A non-examining source is a physician, psychologist, or other acceptable medical source who has not examined the plaintiff, but provides a medical or other opinion based upon medial and treatment records. Id.

A treating source opinion on Plaintiff's disability controls if well-supported by objective medical evidence. 20 C.F.R. § 404.1527(d)(2). In instances where the medical evidence does not warrant controlling weight, "in all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference . . . ." Rogers, 486 F.3d at 242. An ALJ must provide "good reasons" for discounting the weight of a treating source opinion. See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); Rogers, 486 F.3d at 242.

Here, Dr. Brewer's opinion that Plaintiff's anemia causes her to feel weakness and fatigue, rendering her unable to work, is contradicted by objective medical evidence. The ALJ cited the hematologist's report that Plaintiff's anemia had improved. On May 3, 2012, Dr. Messenger noted that Plaintiff "has received two units of Feraheme; the most recent one was April 19, 2012. Her hematocrit has gone from 25 up to almost 37. She is doing well." (Docket Entry No. 12, Administrative Record, at 508). With Dr. Steinhardt's assessment, the ALJ found that "[t]he record contains routine, effective treatment for anemia and hypertension and there is no evidence supporting the claimant's allegations of disabling weakness and fatigue"; and, that "despite allegations of fatigue and weakness, the claimant is capable of performing a wide range of activities including caring for her young grandson, caring for her cat, managing her medication, loading the dishwasher, shopping, cooking, cleaning, vacuuming, sweeping, driving, caring for her personal needs and doing [] needle point." Id. at 22. The Court concludes that the ALJ's evaluation of Dr. Brewer's opinion

is inconsistent with objective medical evidence and the ALJ's decision is supported by substantial and objective medical evidence. Id.

Plaintiff's contends that the ALJ inappropriately deferred to non-treating and non-examining physicians opinions of Dr. Steinhardt, Dr. Bloodgood, Dr. Anderton, Dr. Webb and Dr. O'Bryan. These physicians evaluated Plaintiff, but only Drs. Steinhardt and Bloodgood actually examined Plaintiff. Non-examining consultants are experts in evaluating disability claims under the Act's regulations. See Norris v. Comm'r of Soc. Sec., 461 F.App'x 433, 440 (6th Cir. 2012) ("While perhaps the ALJ could have provided greater detail, particularly as to why the nonexamining opinions were more consistent with the overall record, the ALJ was under no special obligation to do so insofar as he was weighing the respective opinions of nontreating versus nonexamining sources. So long as the ALJ's decision adequately explains and justifies its determination as a whole, it satisfies the necessary requirements to survive this court's review. Accordingly, we conclude that the ALJ did not err in assigning greater weight to the opinions of the nonexamining consultants.") (internal citations omitted). Here, the ALJ explained that Dr. Steinhardt's assessment that Plaintiff could perform light work with postural restrictions is supported by her essentially unremarkable physical examination results and the limitations to which Plaintiff testified. (Docket Entry No. 12, Administrative Record, at 22). The Court concludes that the ALJ properly weighed of the opinion of the consultants on Plaintiff's abilities and limitations.

As to Plaintiff's claim that the ALJ failed to conduct a function-by-function assessment, under the Act's regulations, to determine Plaintiff's RFC, the Sixth Circuit stated:

> In Bencivengo v. Comm'r of Soc. Sec., 251 F.3d 153 (table), No. 00-1995 (3d Cir. Dec. 19, 2000), the Third Circuit stated, "Although a function-by-function analysis is desirable, SSR 96B8p does not require ALJs to produce such a detailed statement

in writing." Bencivengo, slip op. at 4. The Third Circuit distinguished between what an ALJ must consider and what an ALJ must discuss in a written opinion. The ALJ need not decide or discuss uncontested issues, "the ALJ need only articulate how the evidence in the record supports the RFC determination, discuss the claimant's ability to perform sustained work-related activities, and explain the resolution of any inconsistencies in the record." Bencivengo, slip op. at 5.

Delgado v. Comm'r of Soc. Sec., 30 F. App'x 542, 547-48 (6th Cir. 2002). Here, the ALJ addressed Plaintiff's exertional and non-exertional capabilities, citing evidence for her conclusions. The Court concludes that the ALJ's RFC determination adequately considered Plaintiff's functional abilities, and complied with SSR 96-8p. See, e.g., Rudd v. Comm'r of Soc. Sec., 531 F. App'x 719, 729 (6th Cir. 2013).

Plaintiff's final claim is that the ALJ failed to evaluate properly Plaintiff's credibility as required by SSR 96-7p. The ALJ's stated rationale for her credibility determination was as follows:

> First, the objective findings are not consistent with [Plaintiff's] allegations regarding the severity of her symptoms. Despite allegations of disabling mental impairments, mental status examination reveal only a depressed mood and coherent, clear and logical thoughts, intact memory and concentration, good hygiene, ability to follow instructions, high intellectual functioning and a good vocabulary. Additionally, despite being diagnosed with hypertension and anemia, physical examinations have been essentially normal. These treatment notes suggest the claimant's impairments are not as severe as alleged.
>
> Second, she has not received the type of treatment one would expect for an individual with the same limitations. The record contains routine, effective treatment for anemia and hypertension and there is no evidence supporting the claimant's allegations of disabling weakness and fatigue. Additionally, the claimant has not received professional mental health treatment, been psychiatrically hospitalized and her medication is prescribed by her primary care physician. The claimant's record of routine, effective treatment suggests she is not as impaired as she alleges.
>
> Several other factors lessen the claimant's credibility. While the claimant alleges disabling impairments, she admitted she stopped working to care for her ailing husband. Additionally, despite allegations of fatigue and weakness, the claimant is capable of performing a wide range of activities including caring for her young grandson, caring for her cat, managing her medication, loading the dishwasher,

> shopping, cooking, cleaning, vacuuming, sweeping, driving, caring for her personal needs and doing [] needle point. hese activities suggest the claimant is capable of functioning quiet well.
>
> Additionally, despite complaints of disabling anxiety and depression, the claimant has not engaged in formal mental health treatment, takes anti-depressants prescribed by her primary care physician and she engages in a wide-range of activities. gain, it appears the claimant functions quite well.

(Docket Entry No. 12, Administrative Record, at 21-22 (internal citations omitted)). Based on the medical evidence of the improvements in Plaintiff's anemia and Dr. Steinhardt's examination of Plaintiff, the Court concludes that the ALJ could properly reject Plaintiff's description of her impairments and limitations. See Ritchie v. Comm'r of Soc. Sec., 540 F.App'x 508, 511 (6th Cir. 2013) ("[A]n administrative law judge's credibility findings are virtually 'unchallengeable.'") (quoting Payne v. Comm'r of Soc. Sec., 402 F.App'x 109, 112–13 (6th Cir. 2010)).

For these reasons, the Court concludes that Plaintiff's motion for judgment on the administrative record (Docket Entry No. 14) should be denied and the Commissioner's decision should be affirmed.

An appropriate Order is filed herewith.

**ENTERED** this 26th day of September, 2016.

WILLIAM J. HAYNES, JR.
Senior United States District Judge